United States District Court
Southern District of Texas

**ENTERED**
July 29, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GREG JOHNSON, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-16-449 |
| § | |
| THE TRAVELERS HOME AND § | |
| MARINE INSURANCE COMPANY § | |
| *and* DUSTY JAMES NICE, § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM OPINION & ORDER

Pending before the court is plaintiff Greg Johnson's ("Johnson") motion for remand. Dkt. 10. Having considered the motion, the response, the pleadings, and the applicable law, the court is of the opinion that the motion should be DENIED.

### I. BACKGROUND

This lawsuit arises from damages to Johnson's home resulting from a hail storm that occurred on or about April 19, 2015. Dkt. 1, Ex. C at 3. Johnson owned a homeowner's insurance policy issued by defendant Travelers Home and Marine Insurance Company ("Travelers"). *Id.* at 2. Subsequent to the storm, Johnson filed a claim with Travelers, and defendant Dusty Nice ("Nice") was assigned as the individual adjuster. *Id.* at 3. Nice determined that the storm had caused $708.13 in damages to Johnson's home. However, Johnson felt that this assessment significantly underestimated the actual damages to his home, which he had valued at $43,020.83. Dkt. 10, Exs. A, B. On January 21, 2016, Johnson filed his original petition in the 284th Judicial District Court of Montgomery County, Texas against Travelers and Nice. Dkt. 1, Ex. C. Johnson asserts causes of action against both defendants under the Texas Insurance Code and against Travelers for

breach of contract. *Id.* at 7. On February 22, 2016, Travelers removed the case to this court based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a). Dkt. 1 at 1. Johnson is a citizen of Texas and, for purposes of diversity jurisdiction, Travelers is a citizen of Connecticut. *Id.*; *see* 28 U.S.C. § 1332(c)(1) (2012). Therefore, it is undisputed that complete diversity exists between Johnson and Travelers. However, Nice is a citizen of Texas and therefore non-diverse. Dkt. 1 at 1. Travelers asserts that federal jurisdiction is nonetheless proper because Nice was improperly joined to this case. *Id.* at 2.

On March 22, 2016, Johnson filed a motion to remand, asserting that Nice was properly joined and, therefore, the court lacks subject matter jurisdiction over this action. Dkt. 10. On April 12, 2016, Travelers filed a response to the motion to remand. Dkt. 14.

## II. LEGAL STANDARD

A defendant may remove an action to federal court if that court would have original jurisdiction over the case. 28 U.S.C. § 1441. To establish subject matter jurisdiction based on diversity, complete diversity of citizenship must exist among the parties, and the amount in controversy must exceed $75,000. *Id.* § 1332. A case may be removed despite the presence of a non-diverse defendant if that defendant was joined improperly, *i.e.*, without a legal basis to do so. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). As the removing party, the defendant bears the heavy burden of demonstrating improper joinder. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

A defendant generally establishes improper joinder in one of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiffs to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis*, 326 F.3d at 646–47). Travelers does not assert actual fraud in the

pleading of the jurisdictional facts of this case. Therefore, to prevent remand, Travelers must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant." *Id*.

There are two ways for a court to predict whether a plaintiff might be able to recover against an in-state defendant. First, the court can conduct a Rule 12(b)(6)-type inquiry by reviewing the complaint to determine if it states a claim against the in-state defendant. *Id*. In making this determination, the court applies the federal pleading standard. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 202 (5th Cir. 2016). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If the court finds that the claim has been insufficiently pled, the court should dismiss the improperly joined defendant without prejudice for lack of jurisdiction. *Lopez v. United Prop. & Cas. Ins. Co.*, No. 3:16-CV-0089, 2016 WL 3671115, at *5 (S.D. Tex. July 11, 2016) (Hanks, J.) (explaining that dismissal without prejudice is appropriate because the court lacks subject matter jurisdiction over the claim against the non-diverse defendant and, therefore, cannot render a decision on the merits).

Second, a defendant could demonstrate that the plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573–74. In that case,

the court can "pierce the pleadings" in a summary inquiry to "identify the presence of discrete and undisputed facts [in the entire record] that would preclude plaintiff's recovery against the in-state defendant." *Id*. Here, Travelers does not allege that Johnson misstated or omitted discrete facts in the original petition. Instead, it argues that Johnson's allegations against Nice contain insufficient facts to establish a claim to relief that is plausible on its face. Therefore, the court will not pierce the pleadings and will analyze solely whether Johnson's claims against Nice are sufficiently pled.

### III. ANALYSIS

Johnson argues that this case should be remanded because both Johnson and Nice are undisputedly Texas residents, and therefore, complete diversity is absent. Dkt. 10 at 2. Travelers responds that Nice was improperly joined to the lawsuit to defeat federal jurisdiction. Dkt. 14 at 1. Travelers asserts that Johnson's allegations against Nice provide no conceivable basis upon which he can state a valid state law cause of action. *Id.* at 4. The court will consider the claims against Nice to determine whether there is a reasonable basis to predict that Johnson might be able to recover against him. If there is no reasonable basis for recovery against Nice, the court must dismiss Nice from the lawsuit and deny the motion to remand.

The causes of action Johnson alleges against Nice arise from the Texas Insurance Code. The facts alleged by Johnson include the following:

> Travelers assigned Nice to adjust this claim. Nice was improperly trained and performed an outcome oriented and unreasonable investigation of Plaintiff's damages. Nice did not properly assess all damages caused by the Storm and omitted covered damages from the report including the full extent of damage to the roof. Nice refused to fully compensate Plaintiff for the full amount Plaintiff is entitled under the Policy. The outcome oriented investigation of Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Property and the estimated damages were severely underestimated.

4

Dkt. 1, Ex. C. at 7. Johnson's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions. *See Twombly*, 550 U.S. at 555 ("Courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944 (1986))). These factual allegations are not pled with enough specificity to distinguish particular facts from legal conclusions. For example, Johnson alleges that Nice performed an "outcome oriented and unreasonable investigation," but this allegation merely states a conclusion without identifying any specific way in which Nice's investigation was "unreasonable." *See Petree v. Metro. Lloyds Ins. Co. of Tex.*, No. 3:16-CV-0735-G, 2016 WL 3090592, at *4 (N.D. Tex. June 2, 2016) (examining similar allegations that an adjuster "failed to thoroughly investigate the damages" and finding the allegations insufficient to establish a reasonable basis to predict recovery).

The remainder of Johnson's allegations simply track the statutory language of Sections 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), and 541.060(a)(7) of the Texas Insurance Code without alleging any case-specific facts:

- Section 541.060(a)(1) prohibits "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue." Tex. Ins. Code § 541.060(a)(1). Johnson alleges that "Nice's unfair settlement practices . . . of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance." Dkt. 1, Ex. C at 8.

- Section 541.060(a)(2)(A) prohibits "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear." Tex. Ins. Code § 541.060(a)(2)(A). Johnson

alleges "Nice's unfair settlement practices . . . of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition." Dkt. 1, Ex. 3 at 8.

- Section 541.060(a)(3) prohibits "failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the fact or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim." Tex. Ins. Code § 541.060(a)(3). Johnson alleges that "Nice failed to explain to Plaintiff the reasons for the offer or offers of an inadequate settlement." Dkt. 1, Ex. 3 at 9.

- Section 541.060(a)(4) prohibits "failing within a reasonable time to: (A) affirm or deny coverage of a claim to a policyholder; or (B) submit a reservation of rights to a policyholder." Tex. Ins. Code § 541.060(a)(4). Johnson alleges "Nice's unfair settlement practices . . . of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition." Dkt. 1, Ex. 3 at 9.

- Section 541.060(a)(7) prohibits "refusing to pay a claim without conducting a reasonable investigation with respect to the claim." Tex. Ins. Code § 541.060(a)(7). Johnson alleges "Nice's unfair settlement practices . . . of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition." Dkt. 1 Ex. C at 9.

Johnson's formulaic recitation of the statutory language is insufficient to fulfill Johnson's obligation to provide the grounds on which he is entitled to relief. *See Twombly*, 550 U.S. at 555

("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). Accordingly, Johnson has not established a reasonable basis on which to recover under the Texas Insurance Code against Nice. Therefore, the court finds that Nice was improperly joined, and Johnson's claims against Nice are DISMISSED WITHOUT PREJUDICE. Because there is complete diversity between Johnson and Travelers, Johnson's motion to remand is DENIED.

### IV. CONCLUSION

Johnson's motion to remand (Dkt. 10) is DENIED. Johnson's claims against Nice are DISMISSED WITHOUT PREJUDICE.

It is so ORDERED.

Signed at Houston, Texas on July 29, 2016.

_____
Gray H. Miller
United States District Judge